UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SCHAEFER HONG KONG TRADE CO LTD.,                          :
                                                           :
                                         Plaintiff,        :
                                                           :
                                                           :        15-CV-0087 (JPO)
                     -v-                                   :
                                                           :        OPINION AND ORDER
THE JONES GROUP, INC. and JAG                              :
FOOTWEAR, ACCESSORIES AND RETAIL                           :
CORPORATION,                                               :
                                                           :
                                         Defendants.       :
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants The Jones Group, Inc.

and JAG Footwear, Accessories and Retail Corporation (collectively "Defendants") have moved

to dismiss two counts of the Amended Complaint filed by plaintiff Schaefer Hong Kong Trade

Co Ltd. ("Plaintiff").  (Dkt. No. 6, "Mot. Dismiss".)  In sum, Plaintiff alleges that Defendants

agreed to purchase goods from Plaintiff, that these goods were manufactured and delivered to

Defendants, and that Defendants have not upheld their end of the bargain by failing to pay for the

goods and by cancelling additional orders.  (Dkt. No. 14, "Am. Compl." ¶¶ 7-14.)  In its

Amended Complaint, Plaintiffs states three claims for relief: breach of contract, account stated,

and conversion.  (Am. Compl. ¶¶ 6-17, 18-23, 24-33.)  While Defendants do not move to dismiss

Plaintiff's claim for breach of contract, they contend that Plaintiff has failed to allege facts

sufficient to render plausible its claims for account stated and conversion.  (*See* Dkt. No. 16 at 1-

2.)  For the reasons that follow, Defendants' motion to dismiss is granted in part and denied in

part.

"To survive a motion to dismiss" under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a claim for an account stated, the plaintiff must plead that: '(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (quoting *The Haskell Co. v. Radiant Energy Corp.*, No. 05-CV-4403, 2007 WL 2746903, at *12 (E.D.N.Y. Sept. 19, 2007)). Defendants contend that the Amended Complaint omits two of "the essential elements" of a claim for account stated. (Dkt. No. 16 at 1.) Specifically, Defendants assert that Plaintiff has failed to allege that "Defendants accepted the account as correct" or that Defendants "promised to pay the amount stated." (Dkt. No. 16 at 1-2 (emphasis in original).)

Not so. Plaintiff alleges that Defendants "accepted the invoices" — "invoices which the Defendants had agreed to pay" — and that "Defendants agreed to make payment to [Plaintiff]" in "exchange for the manufacture and delivery of goods . . . ." (Am. Compl. ¶¶ 19-21.) The thrust of Defendants' argument is that they could have accepted the invoices — for instance, by taking physical possession of them — without conceding the amount stated on the invoices or promising to pay that amount. But the second and third elements of a claim for account stated "may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment." *IMG Fragrance Brands*, 679 F. Supp. 2d at 411 (quoting *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999)). As a result, the allegation that Defendants "accepted the invoices" is sufficient to support a plausible theory of relief. Defendants' motion to dismiss Count II of the Amended Complaint is denied.

Defendants also contend that the claim for conversion should be dismissed because it is duplicative of Plaintiff's claim for breach of contract. "[I]t is well settled under New York Law that 'an action for conversion cannot lie where damages are merely sought for breach of contract.'" *AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.*, No. 04-CV-8832 (KMK), 2006 WL 1593884, at *2 (S.D.N.Y. June 7, 2006) (quoting *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 148 (S.D.N.Y. 2000). *See In re Chateaugay Corp.*, 10 F.3d 944, 958 (2d Cir. 1993) ("It is . . . settled under New York law that a tort claim will not arise 'where plaintiff is essentially seeking enforcement of the bargain.'") (quoting *Sommer v. Fed. Signal Corp.*, 593 N.E.2d 1365, 1369 (N.Y. 1992); *W.B. David & Co., Inc. v. DWA Commc'ns, Inc.*, No. 02 Civ. 8479 (BSJ), 2004 WL 369147, at *5 (S.D.N.Y. Feb. 26, 2004) ("[A] claim for conversion is deemed redundant, and may be dismissed pursuant to Rule 12(b)(6), where damages are merely being sought for a breach of contract.") Here, "Plaintiff[] ha[s] failed to plead an actionable wrong distinct from the[] breach of contract claim." *W.B. David & Co.*, 2004 WL 369147, at *6. In both its claim for breach of contract and its claim for conversion, Plaintiff is seeking monetary damages for Defendants' alleged failure to pay for goods. Plaintiff's attempt to characterize its claim for conversion as one aimed at the separate harm of Defendants' "unlawful and wrongful retention and disposition of Plaintiff's property" (Dkt. No. 17 at 7), is belied by its prayer for identical monetary relief under both counts (Am. Compl. ¶¶ 11, 17, 33). As such, Defendants' motion to dismiss Count III of Plaintiff's Amended Complaint is granted.

For the foregoing reasons, Defendants' motion is granted in part and denied in part. The motion to dismiss is DENIED as to Count II of Plaintiff's Amended Complaint. The motion is GRANTED as to Count III.

Defendants shall file their answer on or before December 4, 2015.

The Clerk of Court is directed to close the motion at docket number 6.

SO ORDERED.

Dated: November 6, 2015
New York, New York

_____
J. PAUL OETKEN
United States District Judge